UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**             O

| Case No. | EDCV16-2547-CAS(KKx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | RICHARD DOBBS, ET AL. v. TEREX CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Patricia Law | Martin Stratte | |

**Proceedings:** PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD DEFENDANT (Dkt. 39, filed November 1, 2017)

## I. INTRODUCTION & BACKGROUND

On October 11, 2016, plaintiff Richard Dobbs filed a complaint in the instant action against Terex Corporation, TXI Riverside Inc. d/b/a Riverside Cement Co. ("TXI"), and Does 1 through 100 in San Bernardino County Superior Court.[1] Dkt. 1. On December 12, 2016, defendants filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. Dkt. 1. On June 15, 2017, plaintiff filed a first amended complaint against Genie Industries, Inc. ("Genie"), TXI, and Does 1 through 100.[2] Dkt. 30 ("FAC"). On July 6, 2017, Genie filed an answer to the complaint. Dkt. 32.

Plaintiff asserts the following claims in the FAC: (1) product liability – strict liability; (2) product liability – negligence; and (3) negligence. See FAC. The negligence and product liability claims arise out of personal injuries sustained after plaintiff, a career heavy equipment repairmen, was hired by TXI to diagnose and repair one of its Genie GTH-1056 telehandlers that was manufactured and sold by Genie Industries, Inc. ("Genie"). On or about August 12, 2015, plaintiff attempted to repair the telehandler—a heavy equipment utility lifting machine—and allegedly engaged the

---

[1] The Court subsequently dismissed Does 11-100 on June 16, 2017. Dkt. 31.
[2] Pursuant to a stipulation filed on June 14, 2017, plaintiff dismissed without prejudice Terex corporation as a defendant. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-2547-CAS(KKx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | RICHARD DOBBS, ET AL. v. TEREX CORPORATION, ET AL. | | |

parking brake prior to testing the unit. While beneath the telehandler, the unit's transmission engaged and it began to drive. The telehandler drove up and over the rubber safety chocks and drove over plaintiffs ankles and feet. The injury was so severe that plaintiff has undergone a below-knee amputation.

On November 1, 2017, plaintiff filed the instant motion to amend the FAC and add United Rentals (North America) Inc. as a defendant. Dkt. 39 ("Motion"). On November 6, 2017, TXI filed a response to plaintiff's motion. Dkt. 40 ("Response"). On November 20, 2017, plaintiff filed a reply. Dkt. 41 ("Reply").

## II.  LEGAL STANDARDS

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the Court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of July 30, 2017, for adding parties and amending pleadings. Therefore, plaintiff must demonstrate "good cause" for bringing this motion under Rule 16; then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### A.  Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the Court may consider the "existence or degree of prejudice" to the opposing party, the focus of the Court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-2547-CAS(KKx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | RICHARD DOBBS, ET AL. v. TEREX CORPORATION, ET AL. | | |

despite the diligence of the party seeking the extension.' " Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

### B. Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). "Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); see Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

## III. DISCUSSION

While TXI argues that plaintiff mischaracterizes its production of documents, and plaintiff disputes whether he could have known of proposed new defendant United Rentals at an earlier time, the fact remains that TXI does not oppose the instant motion.

Accordingly, because TXI does not oppose plaintiff's amendment, and because the Court does not see any assertions that plaintiff's amendment would result in prejudice, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV16-2547-CAS(KKx) | Date | December 4, 2017 |
| Title | RICHARD DOBBS, ET AL. v. TEREX CORPORATION, ET AL. | | |

futile, or was filed in bad faith, the Court finds that plaintiff should be granted leave to file an amended complaint.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiff's motion for leave to amend the FAC.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CL | |